**FILED**
**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LESLIE T. WEEKLY,** | ) | |
| | ) | **JURY DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  **08 C 514** |
| | ) | |
| **BASS PRODUCTIONS, LTD.,** | ) | |
| an Illinois corporation, and | ) | **JUDGE GOTTSCHALL** |
| **ROBERT KELLY**, individually, | ) | **MAGISTRATE JUDGE COX** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff, LESLIE T. WEEKLY, pursuant to 29 U.S.C.§ 200 *et seq*., commonly known as the Fair Labor Standards Act; and 820 ILCS 105/1 *et seq*., commonly known as the Illinois Minimum Wage Act, by and through his attorney, JAC A. COTIGUALA, and in support of his complaint, states as follows:

### COUNT I – FEDERAL LAW/FAIR LABOR STANDARDS ACT

Plaintiff, LESLIE T. WEEKLY, complaining of the defendants, BASS PRODUCTIONS, LTD. ("Bass"), and ROBERT KELLY ("Kelly"), pursuant to 29 U.S.C.§201 *et seq*., commonly known as the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. (hereinafter, "FLSA"), alleges:

1. Venue is proper in this Court because a substantial part of the events occurred here and defendant Bass, as a corporation for purposes of 28 U.S.C. 1391, is

deemed to reside here and defendant Robert Kelly also resides within the jurisdiction of the Northern District of Illinois Eastern Division.

2. At any and all times relevant hereto, defendant, Bass, was, and still is, an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. §203 (r) and (s).

3. At any and all times relevant hereto, defendant Bass and Kelly are each an "employer" within the meaning of Sec. 3(d) of the FLSA , 29 U.S.C. §203(d).

4. At any and all times relevant hereto, plaintiff is an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. §203(e).

5. Between December 23, 2004 and December 19, 2007, plaintiff was not paid wages at the rate of one and one-half his regular rate for all hours worked in excess of 40, in violation of the FLSA, to wit, 29 U.S.C. §207(a). A few check stubs reflecting straight time pay for hours worked are attached as Group Exhibit 1.

6. Before this lawsuit was filed, plaintiff made a written settlement demand to Bass with a deadline for response, a copy of which is attached as Exhibit 2.

7. Bass did not respond to the letter.

8. Defendants' violation of the Fair Labor Standards Act was willful.

9. As a direct and proximate result thereof, there is due to plaintiff back wages and liquidated damages, pursuant to 29 U.S.C. §216 in an amount not presently known by plaintiff, however, defendant Bass' payroll records will display the arrears.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff LESLIE T. WEEKLY, asks the Court to enter judgment in his favor, and against the defendants Bass and Robert Kelly, individually, both jointly and severally, for the following relief:

A. All back wages due from December 23, 2004 through December 19, 2007, prejudgment interest in accordance with established federal case law and 815 ILCS 205/2 and liquidated damages, as provided by 29 U.S.C. §216;

B. For reasonable attorney's fees and costs of this action as provided by 29 U.S.C. §216;

C. For such other and further relief that this Court deems appropriate.

**COUNT II – ILLINOIS MINIMUM WAGE ACT**

Plaintiff, LESLIE T. WEEKLY, complaining of the defendants, BASS PRODUCTIONS, LTD. ("Bass"), and ROBERT KELLY ("Kelly"), pursuant to Illinois Minimum Wage Act 820 ILCS 105/1 *et seq.* alleges:

1. Plaintiff reasserts paragraphs 6, 7, 8 and 9 from Count I herein.

2. That the plaintiff has not been paid time and one half his regular rate for overtime wages under the maximum hours provisions of the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq*. ("IMWA") from December 23, 2004 through December 19, 2007.

3. That the plaintiff was employed by Bass, a corporation duly organized and existing under the laws of the State of Illinois and defendant Kelly.

4. That defendants are subject to the provisions of the IMWA and are each an employer within the meaning of the IMWA.

5. Bass maintains its registered agent's office in the City of Chicago, Illinois and Robert Kelly resides within the geographic jurisdiction of this Court.

6. Plaintiff, LESLIE T. WEEKLY currently resides in Cook County, Illinois.

7. At all times relevant hereto LESLIE T. WEEKLY worked for defendants.

8. That defendants, Bass and Kelly, are each an employer of plaintiff within the meaning of the Illinois Minimum Wage Act in that among many other things each controlled whether he was paid hourly or on salary for work performed, how many hours he worked, and whether he was paid time and one-half his regular rate of pay for hours worked in excess of forty (40) in a week.

9. That plaintiff was not paid for all work performed including time and one-half his regular wages for the work time described above, which was in excess of 40 in a week in violation of the Illinois Minimum Wage Act, 820 ILCS 105/4a.

10. That the books and records of the defendant Bass are material to the plaintiff's case as they are supposed to disclose the hours worked by plaintiff and what he was paid for that work.

11. That plaintiff is injured by defendants' failure to comply with the Illinois Minimum Wage Act.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, LESLIE T. WEEKLY asks the Court to enter judgment in his favor, and against defendants Bass and Robert Kelly, individually, both jointly and severally, for the following relief:

A. For a judgment for all back wages due, as provided by the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*;

B. For prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and 2% per month on the underpayments as damages under the Illinois Minimum Wage Act, 820 ILCS 105/12;

C. For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Act, 820 ILCS 105/12;

D. For such other and further relief as the Court may deem just and equitable.

### COUNT III – VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1. Plaintiff repeats and re-alleges 1 through 9 of Count I, and each and every allegation of Count II as though fully set forth herein.

2. Defendants are each an "employer" of plaintiff as that word is defined in 820 ILCS 115/2.

3. From time to time defendants caused plaintiff's pay to be reduced for disciplinary reasons in violation of 820 ILCS 115/9.

4. The exact amount of unauthorized deductions from plaintiff's pay is not known by him, however, the payroll records of defendant Bass will display it.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, LESLIE T. WEEKLY, asks the Court to enter judgment in his favor, and against the defendants Bass and Robert Kelly, individually, both jointly and severally, for the following relief:

A. For a judgment for all unauthorized payroll deductions, prejudgment interest in accordance with established federal case law and 815 ILCS 205/2.

B. For reasonable attorney's fees and costs of this action as provided by 705 ILCS 225/1.

Respectfully submitted,

LESLIE T. WEEKLY

By: s/Jac A. Cotiguala
One of Plaintiff's Attorneys

January 23, 2008

Jac A. Cotiguala
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street
Suite 606
Chicago, Illinois 60605
Telephone: 312-939-2100

6